United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 15-18435-amc
Andrea A. Bullock                                                         Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Randi              Page 1 of 1            Date Rcvd: Sep 15, 2016
                             Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 17, 2016.
db             +Andrea A. Bullock,    1163 Overington Street,    Philadelphia, PA 19124-3134

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                      TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 17, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 15, 2016 at the address(es) listed below:
          ANDREW F GORNALL    on behalf of Creditor   MidFirst Bank agornall@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          CHRISTIAN A. DICICCO    on behalf of Debtor Andrea A. Bullock
           cdicicco@myphillybankruptcylawyer.com,   christianadicicco@gmail.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER   ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                      TOTAL: 5

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                    :        Chapter 13

ANDREA A. BULLOCK

          Debtor(s)
                                         :        Bankruptcy No.  15-18435AMC

## ORDER CONFIRMING PLAN UNDER CHAPTER 13

AND NOW, this 14th day of    September  2016  upon consideration of the plan submitted by the debtor under chapter 13 of title 11 U.S.C. and the standing trustee's report which has been filed; and it appearing that      A.  a meeting of creditors upon notice pursuant to 11 U.S.C. 341 (a) and a confirmation hearing upon notice having been held;

B.   the plan complies with the provisions of 11 U.S.C. 1322 and 1325 and with other applicable provision of title 11 U.S.C.;

C.   any fee, charge or amount required under chapter 13 of title 28 or by the plan, to be paid before confirmation, has been paid;

D.   the plan has been proposed in good faith and not by any means forbidden by law;

E.   the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of title 11 on such date;

F.   with respect to each allowed secured claim provided for by the plan-

(1) the holder of such claim has accepted the plan;

(2) (a)    the plan provides that the holder of such claim retain the lien securing such claim, and

(b)    the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claims is not less than the allowed amount of such claim; or

(3) the debtor has agreed to surrender or has surrendered the property securing such claim to such holder of the claim; and

G.   the debtor will be able to make all payments under the plan and to comply with the plan;

WHEREFORE, it is ORDERED:

1.   that the plan is CONFIRMED

2.   that pursuant to 11 U.S.C. 1327 the provisions of the confirmed plan bind the debtor and each of the creditors of the debtor, whether or not the claim of such creditor is provided for by the plan, and whether or not said creditor has objected to, has accepted or has rejected the plan; and

3.   that all property of the estate, including any income, earnings, other property which may become a part of the estate during the administration of the case which property is not proposed, or reasonably contemplated, to be distributable to claimants under the plan shall revest in the debtor(s); provided, however, that no property received by the trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the plan.

Honorable Ashely M. Chan
United States Bankruptcy Judge