# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **Andrea A. Bullock,** | ) | Case No. **15-18435 AMC** |
| | ) | |
| Debtor. | ) | Chapter 13 |

## ORDER GRANTING DEBTOR'S MOTION TO CONDITIONALLY APPROVE COMPROMISE OR SETTLEMENT

Upon the Motion of Debtor to conditionally approve settlement of a pre-petition claim related to a personal injury claim against the automobile manufacturer:

IT IS ORDERED that the court conditionally approves the proposed gross settlement of $367,593.72, less a mandatory 3% Court ordered MDL assessment, attorney fees and costs, and certain lien fees and expenses. Special counsels have been approved to represent the Debtor in the cause of action and the Court approves payment of attorney fees, case expenses and medical liens. The net proceeds to the Debtor are estimated to be $203,568.54.

IT IS FURTHER ORDERED that the settlement proceeds, after subtracting the necessary expenses, costs, holdbacks and deductions from the settlement amount, shall be paid to the Chapter 13 Trustee, William C. Miller, 1234 Market Street, Suite 1813, Philadelphia, PA 19107. The Chapter 13 Trustee shall satisfy all allowed claims being administered by the Chapter 13 Trustee and all remaining proceeds shall be released to the Debtor. If an additional amount is awarded to the Debtor out of any remaining settlement funds from this settlement, the same should be disbursed to the Debtor.

IT IS FURTHER ORDERED that that the Debtor is authorized to execute and deliver any and all release documentation required by defendants (the "Release"), and the Release shall be

valid and enforceable according to its terms and binding upon the Debtor and her bankruptcy estate, and that no consent of the Chapter 13 Trustee, or signature by the Chapter 13 Trustee on the Release, is necessary for the Release to be valid, binding and enforceable and to constitute a full and complete release of any and all claims being released and resolved by the Release (the "Settled Claims").  Upon the Release becoming effective in accordance with its terms, the Chapter 13 Trustee, the bankruptcy estate, the Debtor, and any person or entity claiming, or who could claim, by, through or on behalf of the Chapter 13 Trustee, the bankruptcy estate or the Debtor, shall be and hereby are permanently enjoined from asserting or prosecuting any claims related to arising from the Settled Claims.

.

Dated: **February 14, 2017**

_____
HON. ASHELY M. CHAN
U.S. BANKRUPTCY JUDGE